09-3396-ag
Dieng v. Holder

BIA
Weisel, IJ
A093 451 733

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand ten.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
>> *Circuit Judges.*

_____

IBRAHIMA DIENG, ALSO KNOWN AS DIENG IBRAHIMA,
> *Petitioner,*

v.                                        09-3396-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL
> *Respondent.*

_____

FOR PETITIONER:          Brian I. Kaplan, Goldberg & Kaplan, LLP, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; R. Alexander Goring, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ibrahima Dieng, a native and citizen of Senegal, seeks review of a July 17, 2009, order of the BIA affirming the July 7, 2008, decision of Immigration Judge ("IJ") Robert D. Weisel denying Dieng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ibrahima Dieng*, No. A093 451 733 (B.I.A. July 17, 2009), *aff'g* No. A093 451 733 (Immig. Ct. N.Y. City July 7, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Although Dieng asserts that he has suffered "persecution" and "torture," based on his and his family's

2

experience in Senegal, he does not meaningfully challenge the agency's determination that he failed to establish past persecution. As the agency noted, and Dieng does not dispute, Dieng was never harmed or mistreated while in Senegal. His sole argument for past persecution is entirely based on the suffering and killing of his family members because of their suspected support for the MFDC. However, "[a]s a general principle, an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007). Although we have recognized that there may exist circumstances where harm to an applicant's family member in conjunction with other factors may be sufficiently severe to amount to past persecution, such as a young child witnessing severe harm to their family members, *see Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006), such circumstances do not exist here. Accordingly, no presumption applies and Dieng was required to establish that he had a well-founded fear of future persecution.

3

Substantial evidence supports the agency's conclusion that Dieng failed to establish a likelihood of persecution upon his return to Senegal. Although Dieng argues that the IJ failed to consider his testimony and evidence concerning the persecution of MFDC members, the record does not compel this conclusion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Indeed, the IJ credited Dieng's testimony that his relatives were killed by the Senegalese authorities because of their perceived support for the MFDC, but found that: (1) Dieng was not a member of the MFDC; (2) Dieng did not participate in MFDC activities; (3) Dieng was never threatened by the Senegalese authorities at the time his relatives were killed; and (4) despite Dieng's testimony that Senegalese authorities questioned his wife about his whereabouts, there was no indication that the authorities were interested in him because of his perceived involvement with the MFDC. As the record supports these findings, the IJ reasonably found that Dieng had not met his burden of establishing a likelihood of persecution upon his return to Senegal.

Dieng's argument that the deaths of his relatives establish that he too will be persecuted because of his

4

perceived support for the MFDC is not supported by the record. As the IJ explained, Dieng himself was not involved with the MFDC and did not submit evidence to show that the government has particular suspicions of his involvement. His statements that soldiers have occupied his house and government authorities have asked his wife whether he is in the country do not compel the inference that the government now suspects Dieng of involvement with the MFDC. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where the evidence would support either of competing inferences, the fact that this Court might have drawn one inference does not entitle it to overturn the trial court's choice of the other."). Accordingly, substantial evidence supports the IJ's conclusion that Dieng failed to establish a likelihood of persecution if he returned to Senegal.

Finally, because Dieng's claim for CAT relief was based on the same factual predicate as his claim for withholding of removal, the agency did not err in denying CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

5

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk